DORSEY & WHITNEY LLP
Jeffrey L. Loop (JL-9260)
Gianfranco G. Mitrione (GM-8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants
Corbis Corporation and Corbis Motion


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PRAVDA STUDIOS, LLC,                              **07-CV-7854 (LAK)**

                              Plaintiff,

                                                 **ANSWER AND**
-v-                                              **AFFIRMATIVE DEFENSES**

CORBIS CORPORATION and CORBIS
MOTION,

                              Defendants.

----------------------------------------------------------X

        Defendants, Corbis Corporation and Corbis Motion (collectively referred to herein as

"Defendants"), as and for their Answer to the September 6, 2007 Complaint (the "Complaint")

filed by Pravda Studios, LLC, allege as follows:

        1.       Defendants admit that paragraph 1 of the Complaint purports to summarize the

claims asserted by Plaintiff in this action and deny liability on such claims.

        2.       Defendants deny the allegations contained in paragraph 2 of the Complaint.

        3.       In response to the allegations of paragraph 3, Defendant deny that Plaintiff has

any claims against Defendants under the Copyright Act or applicable state law.

        4.       Defendants admit that venue is proper in this district under 28 U.S.C. §§ 1391,

that Defendant and its agents may be found in this district, and that Defendant transacts business

in this district.  Except as expressly admitted, Defendants deny all other the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      In response to the allegations of paragraph 6 of the Complaint, Defendants admit that Corbis Corporation is a corporation formed in the State of Nevada and maintains a corporate office at 902 Broadway, New York, New York 10010 and deny the remaining allegations contained in this paragraph.

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     In response to the allegations of paragraph 13 of the Complaint, Defendants admit that a document purporting to be a copy of a certificate for Copyright Registration PA 1-372-588 with an effective date of registration of May 11, 2007 is attached to the Complaint as Exhibit A which document speaks for itself and, except as so admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     In response to the allegations of paragraph 15 of the Complaint, Defendants admit that a document purporting to be a copy of Defendants' Submission Guidelines is attached to the Complaint as Exhibit B which document speaks for itself and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

16.     In response to the allegations of paragraph 16 of the Complaint, Defendants admit the first sentence of this paragraph.  Defendants further admit that a document purporting to be an unsigned copy of a Footage Representation Agreement is attached to the Complaint as Exhibit C which document speaks for itself and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

17.     In response to the allegations of paragraph 17 of the Complaint, Defendants admit that as a general rule they require submissions to be accompanied by a time code schedule and/or a footage log and, except as so admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained this paragraph.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     In response to the allegations of paragraph 20 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film.  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, except for the allegation that Plaintiff's film negative is "irreplaceable," which allegation is denied.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     In response to the allegations of paragraph 26 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 26 above and deny any liability to Plaintiff.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     In response to the allegations of paragraph 31 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 30 above and deny any liability to Plaintiff.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     In response to the allegations of paragraph 36 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 35 above and deny any liability to Plaintiff.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     In response to the allegations of paragraph 40 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 39 above and deny any liability to Plaintiff.

41.     In response to the allegations of paragraph 41 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

42.     In response to the allegations of paragraph 42 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     In response to the allegations of paragraph 45 of the Complaint, Defendants admit that documents purporting to be copies of invoices are attached to the Complaint as Exhibit E which documents speaks for themselves and, except as so admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     In response to the allegations of paragraph 49 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 48 above and deny any liability to Plaintiff.

50.     In response to the allegations of paragraph 50 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8,

2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

51.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    In response to the allegations of paragraph 55 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 54 above and deny any liability to Plaintiff.

56.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.    In response to the allegations of paragraph 57 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

58.    In response to the allegations of paragraph 58 of the Complaint, Defendants admit Plaintiff made demands of Defendants concerning Plaintiff's film and, except as so admitted, Defendants deny the existence of any agreement between the parties to this action and deny the remaining allegations contained in this paragraph.

59.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     In response to the allegations of paragraph 62 of the Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 61 above and deny any liability to Plaintiff.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     In response to the allegations of paragraph 69 of the Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 68 above and deny any liability to Plaintiff.

70.     In response to the allegations of paragraph 70 of the Complaint, Defendants admit that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendants deny the remaining allegations contained in this paragraph.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     In response to the allegations of paragraph 58 of the Complaint, Defendants admit Plaintiff made demands of Defendants concerning Plaintiff's film and, except as so admitted, Defendants deny the existence of any agreement between the parties to this action and deny the remaining allegations contained in this paragraph.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this dispute as to Counts I and II of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or repose.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not copy any valid copyrightable subject matter.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's injuries, if any, are due in whole or in part to the acts of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has engaged in acts and courses of conduct which rendered it *in pari delicto*.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any, thereby precluding relief.

Dated: October 10, 2007                    **DORSEY & WHITNEY LLP**
      New York, New York


By     /s/ Jeffrey L. Loop            
      Jeffrey L. Loop (JL-9260)
      Gianfranco G. Mitrione (GM-8618)
      250 Park Avenue
      New York, NY 10177-1500
      (212) 415-9200

Attorneys for Defendants
CORBIS CORPORATION
and CORBIS MOTION