Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 323
Brooklyn, New York 11201-1070
718.797.2341 Telephone
718.222.0481 Facsimile
Attorney Docket: 1138-6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                  :

PRAVDA STUDIOS, LLC,                :       **FIRST AMENDED**

                              :       **COMPLAINT**

           Plaintiff,          :

                              :       (Jury Trial Demanded)

        - against -          :

                              :

CORBIS CORPORATION         :

and CORBIS MOTION           :       <u>**07 CV 7854 (LAK)(GWG)**</u>

                              :

          Defendants.       :

                              :
-------------------------------------------------------------X

       Plaintiff, Pravda Studios, LLC by and through its attorneys, The Martinez Group PLLC,

for its First Amended Complaint against Defendants, Corbis Corporation and Corbis Motion, Inc.

("Corbis") alleges as follows:

### NATURE AND SUBSTANCE OF THE ACTION

1.    Plaintiff files this First Amended action against Defendants for Copyright infringement

under 17 U.S.C. §§ 101, et seq., and Unfair Competition under the Lanham Act, 15 U.S.C. §

1125(a), and applicable state law.

2.    This action is brought in response to a classic case of Copyright infringement, specifically

the unauthorized copying and commercial, for-profit use, copying, display and distribution of

Plaintiff's live action, motion picture, film footage entitled PRAVDA B-ROLL: SPAIN (the "Work"). Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to copyright owners who are the victims of such actions.

## JURISDICTION AND VENUE

3.      This is an action for Copyright infringement arising under the Copyright Act, 17 U.S.C. §§ 101 et seq., and applicable state law, seeking damages and a permanent injunction of Defendants' ongoing infringement of Plaintiff's valid and subsisting Copyright. This Court has jurisdiction over this action under 28 U.S.C. §§1331, 1332, 1338(a) and (b), its supplemental jurisdiction, and under Rule 4 of the Federal Rules of Civil Procedure.

4.      Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a) in that Defendants or Defendants' agents may be found in this district and, upon information and belief, Defendants transact business in this district.

## THE PARTIES

5.      Plaintiff ("Pravda"), is a Washington Corporation with its principal place of business located at 1406 10th Avenue, Suite 200, Seattle, Washington 98122.

6.      Upon information and belief, Defendant Corbis Corporation is now a corporation formed in the State of Nevada with a corporate office at 902 Broadway, New York, New York 10010.

7.      Upon information and belief, Corbis Corporation does business as Corbis, Corbis Motion, Corbis Mobile, Corbis Photography, Corbis + and Bettmann Archive (collectively, "Corbis").

8.      Upon information and belief, Defendant conducts business throughout the United States and in the State of New York, County of New York and within the Southern District.

9.      Upon information and belief, Corbis is a business that undertakes the licensing of art

and illustration, computer generated images for use on mobile devices, digital and photographic

film images; digital still photography and film motion footage together with their associated

rights management services, artist representation and media management; offering such goods

and services around the world and in the State of New York, County of New York, within the

Southern District.

10.    Upon information and belief, Corbis maintains over 16 corporate offices in 12 different

countries and with at least 25 additional affiliated international representatives in other countries

around the world.

## FACTS COMMON TO ALL CLAIMS

11.    Pravda is engaged in the business of designing, creating and producing works of art,

including but not limited to, photographs, motion picture film photography and graphic design

services that are specially created, tailored and designed to meet the needs and requirements of

each of Pravda's clients.

12.    Pravda is the creator and owner of the work identified herein, entitled PRAVDA

B-ROLL: SPAIN (the "Work"), which was specifically created for the purposes of sublicensing

and distribution as "stock motion photography" via resellers of licenses to use stock photography,

such as Defendant Corbis.

13.    Pravda is the exclusive owner of Copyright Registration Number PA 1-372-588 for the

Copyright in and to a motion picture film work entitled PRAVDA B-ROLL: SPAIN (the

"Work").  A copy of the U.S. Copyright Registration for the Work, originally submitted as

Exhibit A, is incorporated herein by reference.

14.    Pravda's Copyright is valid and subsisting and identifies the ownership of the Copyright

in and to the photographs and the motion picture film footage, including all studies, if any, used in the creation of the work.

15.    Upon information and belief, all artists and photographers represented by Corbis are required to submit the original work for review and publication by Corbis on their various Internet websites for the purposes of presenting samples that third parties may wish to license.  A copy of the Corbis Motion Submission Guidelines, originally submitted as Exhibit B, is incorporated herein by reference.

16.    Upon information and belief, Corbis required that Plaintiff first submit the original negatives for the Work for review before Corbis would accept the Work, alleging that proof of ownership was required prior to consideration.

17.    Upon information and belief, Corbis normally requires all accepted submissions to be accompanied by a signed Footage Representation Agreement.  A copy of the unsigned Footage Representation Agreement, originally submitted as Exhibit C, is incorporated herein by reference.

18.    Upon information and belief, Corbis requires all submissions to be accompanied by a Time Code Schedule detailing where scenes in the Work started and finished.  A copy of the Time Code Schedule prepared by Pravda, originally submitted as Exhibit D, is incorporated herein by reference.

19.    Upon information and belief, the subject Work was sent to Corbis on or about November 4, 2004.  A copy of the Federal Express receipt for the transmittal of the Subject Work to Corbis, originally submitted as Exhibit E, is incorporated herein by reference.

## DEFENDANTS' ACTIONS

20.    Defendant Corbis alleges sometime after the delivery of the original negative for the PRAVDA B-ROLL: SPAIN, Corbis lost, misplaced, destroyed or otherwise improperly converted the subject Work.

21.    The Work was delivered to Corbis; was in the form of approximately five hours of original 16mm film negative and because it was the only original film negative, the original Work is irreplaceable (For the purposes of clarity, five hours of 16mm film negative occupies approximately 27 rolls of film; each roll containing approximately 400 feet of film negative; each roll being approximately 8 inches in diameter; the entire group of 27 rolls having a total weight of approximately 25 pounds).

22.    Upon information and belief, Corbis has impermissibly copied, and/or created or caused others to create derivative works based upon the PRAVDA B-ROLL: SPAIN Work, which it continues to display, copies and comparisons of which are annexed hereto as Exhibit F.

23.    The natural, probable and foreseeable result of Defendants' wrongful conduct has and will be to: (i) deprive and continue to deprive Pravda of the benefits and revenue derived from licenses to use of the Work, both as "stock motion photography" and still images derived therefrom and (ii) cause injury to Pravda's reputation, trade names, trademarks and Pravda's relationships with present and prospective customers.

24.    Pravda has lost the value of the Work and will continue to lose the substantial licensing revenue from Defendant's negligence or wrongful conversion of the Work and will continue to sustain harm as a direct result of Defendants' wrongful conduct.

25.    Defendants' wrongful conduct has further deprived and will continue to deprive Pravda

of opportunities for expanding the business goodwill associated with the licensing of the work.

26.     Pravda has no adequate remedy at law to redress all of the injuries that Defendant has

caused by its conduct and therefore Pravda has and will continue to suffer irreparable damage

and sustain lost profits until such time as the actions alleged herein are permanently enjoined by

this Court.

27.     Defendant has refused to return the Work; compensate Pravda for the loss of its valuable

Copyrighted Work or, despite demands for such action, compensate Pravda for the grievous harm

it has suffered.  A copy of the schedule of costs and expenses incurred by Pravda in creating the

Work, originally submitted as Exhibit F, now Exhibit G, is incorporated herein by reference.


## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, et. seq.

28.     Pravda repeats and realleges each and every allegation of this Complaint as set

forth in Paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

29.     Upon information and belief, Defendant has infringed and will continue to infringe

Pravda's valuable Copyright in and to the Work by virtue of Defendants' improper copying and

distribution of the work; by virtue of refusing to make the work available for licensing; or by

virtue of the negligence in handling resulting in loss or destructions of the Work; or by reason of

the improper conversion of the Work.

30.     Pravda is entitled to recover the damages it has sustained and will continue to sustain,

together with any gains, profits and advantages enjoyed by Defendant as well as attorneys' fees.

31.     At present, the amount of such damages, gains, profits and advantages cannot be fully

ascertained by Pravda.

32.    Pravda has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### 15 U.S.C. § 1125 (a)

33.    Pravda repeats and realleges each and every allegation of this Complaint as set

forth in Paragraphs 1 through 32, inclusive, and incorporates them herein by this reference.

34.    Defendants' loss, destruction or improper conversion of Pravda's Copyrighted Work

constitutes a willful misrepresentation of the nature and characteristics of Pravda's Work and

services and, in particular, the conversion or refusal to display and offer licenses for the use of

the Work to third parties willfully misrepresents, dilutes and harms the quality and characteristics

of Pravda's trade name, trademarks, the Work itself and otherwise further harms and dilutes

other valuable rights owned by Pravda.

35.    Pravda is entitled to recover the damages resulting from the harm it has sustained and will

continue to sustain, and any gains, profits and advantages obtained by Defendant as a result of

the acts alleged herein as well as attorneys' fees.

36.    At present, the amount of such damages, gains, profits and advantages cannot be fully

ascertained by Pravda.

37.    Pravda has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION AND
### DILUTION IN VIOLATION OF NEW YORK STATE
### GENERAL BUSINESS LAW §360-1

38.     Pravda repeats and realleges each and every allegation of the Complaint as set

forth in Paragraphs 1 through 37, inclusive, and incorporates them herein by this reference.

39.     Upon information and belief, Defendant has been and continues to be engaged in the

unfair and deceptive practices complained of herein, in violation of Section 360-1 of the New

York State General Business Law.

40.     By reason of Defendants' acts, Pravda has been seriously and irreparably injured,

and unless Defendant is restrained, Pravda will continue to be so damaged.

41.     Pravda has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

42.     Pravda repeats and realleges each and every allegation of this Complaint as set

forth in Paragraphs 1 through 41, inclusive, and incorporates them herein by this reference.

43.     Pravda delivered the Work to the Defendant in accordance with the instructions of

Defendant.

 44.     Upon information and belief, Defendant Corbis accepted the Work for the purposes of

acting as the agent for the purposes of licensing the use of the Work to third parties via rights-

managed licenses.

45.     Defendants' subsequent loss, mishandling, improper conversion or destruction of the

Work constitutes a breach of the agreement between Corbis and Pravda.

46.     Pravda has provided Defendant copies of documents detailing the costs incurred by

Pravda in creating the Work.

47.      Upon information and belief, Pravda's costs and expenses to produce the Work totaled

$162,023.00.  A copy of the invoices indicating such costs, originally submitted as Exhibit F,

now Exhibit G, is incorporated herein by reference.

48.      Upon information and belief, Defendants' failure to license and or compensate Pravda for

the loss of licensing revenue; the loss or destruction of the Work; or the wrongful conversion of

the Work constitutes a breach of contract.

49.      By reason of Defendants' breach of contract, Pravda has been damaged in an amount of

not less than $265,730.00, a figure which includes the actual costs incurred by Pravda to create

the Work, plus lost profits as a result of the acts alleged herein but does not include attorneys'

fees which are further demanded.

50.      Pravda has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

51.      Pravda repeats and realleges each and every allegation of the Complaint as set

forth in Paragraphs 1 through 50, inclusive, and incorporates them herein by this reference.

52.      Upon information and belief, Defendant agreed to accept the Work and Pravda delivered

the Work to the Defendant; the Defendant accepted the work and ultimately, the Defendant lost,

misplaced, destroyed or otherwise improperly converted the Work.

53.      Pravda entrusted the Work believing that Defendant would exercise care in the receipt,

handling, storage and licensing of the Work.

54.      Upon information and belief, Defendants' subsequent loss, mishandling, destruction or

improper conversion of the Work was due to negligence or by malfeasance and constitutes a breach of Defendants' fiduciary duty.

55.     As a result of Defendants' actions, Pravda has been seriously and irreparably damaged, and unless Pravda is compensated for the irreparable harm it has suffered, Pravda will continue to be so damaged.

56.     Pravda has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## CONVERSION

57.     Pravda repeats and realleges each and every allegation of this Complaint as set forth in Paragraphs 1 through 56, inclusive, and incorporates them herein by this reference.

58.     Pravda is the exclusive owner and has the exclusive right of possession in and to the Work.

59.     Pravda delivered and entrusted the work to Defendant and Defendant accepted the Work, causing Pravda to believe that Defendant would exercise care in the receipt, review, handling, storage and licensing of rights to use the Work.

60.     Pravda has demanded that Defendant either perform under the terms of the Agreement or, in the alternative, return of the Work to Pravda or compensate Pravda for the costs to create the Work and the loss of the expected revenue from the sale of licenses to use the Work.

61.     Defendant has refused to either perform under the Agreement or return the work.

62.     As a result of Defendants' actions, Pravda has been seriously and irreparably damaged, and unless Pravda is compensated and Defendant is restrained, Pravda will continue to be so damaged.

63.    Pravda has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
## BREACH OF BAILMENT FOR MUTUAL BENEFIT

64.    Pravda repeats and realleges each and every allegation of this Complaint as set

forth in Paragraphs 1 through 63, inclusive, and incorporates them herein by this reference.

65.    Pravda's delivery of the Work to the Defendant for the purposes of Defendants'

sublicensing the Work created a Bailment for Mutual Benefit.

66.    The Delivery of the Work created a duty in the Defendant to use ordinary and reasonable

care with regard to the receipt, review, handling, storage and licensing of the Work.

67.    Upon information and belief, the Defendant was negligent with regard to the receipt,

review, handling and storage of the Work which resulted in the Work's loss, mishandling,

destruction or improper conversion.

68.    The Defendants' loss, destruction or improper conversion and subsequent failure to sell

licenses to use the Work constitutes a Breach of its Duties.

69.    As a result of Defendant's actions, Pravda has been seriously and irreparably harmed, and

unless Pravda is compensated and Defendant is restrained, Pravda will continue to be so

damaged.

70.    Pravda has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION
## UNJUST ENRICHMENT

71.    Pravda repeats and realleges each and every allegation of the Complaint as set

forth in Paragraphs 1 through 70, inclusive, and incorporates them herein by this reference.

72.    Defendant received, accepted, reviewed and negligently lost, destroyed or improperly converted Pravda's Copyrighted Work.

73.    Defendant has benefitted by the receipt and possession of the Work and the subsequent loss, destruction or improper conversion of the Work has resulted in the unjust enrichment of Defendant at the expense of Pravda.

74.    Defendant, despite repeated requests for performance under the Agreement; or the return of the Work to Pravda; or compensation for the loss suffered by Pravda; Defendant has not compensated Pravda for the loss or improper conversion of the Work or otherwise made the Work available for licensing to third parties.

75    Defendant has been enriched at the expense of Pravda in an amount of not less than $265,730.00 plus the costs of this action and attorneys' fees.

76.    Upon information and belief and in view of the circumstance identified herein, both equity and good conscience requires that Defendant should make restitution to Pravda for the harm it has suffered.

77.    Pravda has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1.    Direct Defendant to return the Work to Pravda;

2.    Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with it from:

    (a)    imitating, copying, using or making unauthorized use of Pravda's Copyrighted Work;

(b)      manufacturing, producing, licensing, advertising, promoting and/or displaying the Work or any copies of the Work goods and/or services bearing or using any simulation, reproduction, counterfeit, copy or colorable imitation of Pravda's Copyrighted Work or any part thereof, including any infringing uses of the Work itself; and

(c)      using any simulation, reproduction, counterfeit, copy or colorable imitation of Pravda's Copyrighted Work, including the licensing or other infringing uses of the Work in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any services or products irrespective of whether such goods or services are those of Defendant or any third party licensing use of the Work from Defendant, it's affiliates or any party acting in concert therewith;

3.      Direct that Defendant return the work and deliver for destruction, *inter alia*, all products, labels, signs, prints, packages, dies, wrappers, receptacles, disks, CD-ROMs, DVDs, booklets, circulars, inserts, and advertisements in its possession or under its control, bearing or using any of Pravda's Copyrighted materials including but not limited to, the infringing use of the Work in connection with the advertising, marketing and promotion of Defendants' products and services;

4.      Direct that Defendant be required to pay Pravda damages in the amount of Two Hundred Sixty Five Thousand Seven Hundred and Thirty Dollars ($265,730.00) for the loss, destruction improper conversion of the Work and the loss of licensing revenue to Pravda, together all gains, profits and advantages derived by Defendant through its loss, destruction, improper conversion and infringement of Pravda's Copyright in and to the Work;

5.      Direct that Defendant be required to pay to Pravda such other damages that it has sustained as a consequence of Defendants' infringement of Pravda's Copyright, and Breach of

Contract, Breach of Fiduciary Duty, Conversion of Pravda's Work, Unfair Competition, Breach

of Bailment and Unjust Enrichment;

6.      Direct that Defendant be ordered to make a written report within a reasonable period to

be filed with the Court detailing the manner of the compliance with the requested injunctive and

mandatory relief above;

7.      Award Pravda the costs of this action together with reasonable attorneys' fees;

and

8.      Award Pravda such other and further relief as the Court may deem just and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury.


DATED: October 9, 2007

Respectfully submitted,
**THE MARTINEZ GROUP PLLC**

By: _____
Frank J. Martinez (FJM 2149)
Attorney for Plaintiff
Pravda Studios, LLC

THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 323
Brooklyn, New York 11201-1070
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com

EXHIBIT F





# PRAVDA



PRAVDA





PRAVDA





# PRAVDA

Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 323
Brooklyn, New York 11201-1070
718.797.2341 Telephone
718.222.0481 Facsimile
Attorney Docket: 1138-6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                            :

PRAVDA STUDIOS, LLC,              :     **AFFIDAVIT OF SERVICE**
                            :

           Plaintiff,         :

                            :     (Jury Trial Demanded)

      - against -        :

                            :

CORBIS CORPORATION       :
and CORBIS MOTION         :     <u>**07 CV 7854 (LAK)(GWG)**</u>
                            :

       Defendants.      :
                            :
-----------------------------------------------------------X

I hereby certify that a true copy of the foregoing documents, entitled First Amended Complaint and Exhibit F, was served this 9th day of October 2007, by enclosing it in a properly addressed, postage paid envelope and causing such document to be deposited in an official depositary under the exclusive care and custody of the United States Postal Service for delivery to:

Jeffrey L. Loop, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York 10177

Date: October 9, 2007

By: _____
          Frank J. Martinez, Esq.

00007993 v.1