DORSEY & WHITNEY LLP
Jeffrey L. Loop (JL-9260)
Gianfranco G. Mitrione (GM-8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants
Corbis Corporation and Corbis Motion

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRAVDA STUDIOS, LLC,<br><br>                    Plaintiff,<br><br>          *-against-*<br><br>CORBIS CORPORATION and CORBIS MOTION,<br><br>                    Defendants. | No. 07-CV-7854 (LAK)<br><br>**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT CORBIS CORPORATION** |

Defendants, Corbis Corporation and Corbis Motion, a division of Corbis Corporation, (collectively referred to herein as "Defendant"), as and for their Answer to the October 9, 2007 First Amended Complaint (the "Amended Complaint") filed by Pravda Studios, LLC, allege as follows:

1.      Defendant admits that paragraph 1 of the Amended Complaint purports to summarize the claims asserted by Plaintiff in this action and deny liability on such claims.

2.      Defendant denies the allegations contained in paragraph 2 of the Amended Complaint.

3.      In response to the allegations of paragraph 3, Defendant denies that Plaintiff has any claims against Defendant under the Copyright Act or applicable state law.

4.      Defendant admits that venue is proper in this district under 28 U.S.C. §§ 1391, that Defendant and its agents may be found in this district, and that Defendant transacts business

in this district.  Except as expressly admitted, Defendant denies all other the allegations contained in paragraph 4 of the Amended Complaint.

5.      Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Amended Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10.      Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

11.      Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.      Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint.

13.      In response to the allegations of paragraph 13 of the Amended Complaint, Defendant admits that a document purporting to be a copy of a certificate for Copyright Registration PA 1-372-588 with an effective date of registration of May 11, 2007 is attached to the Amended Complaint as Exhibit A which document speaks for itself and, except as so admitted, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

14.     Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.     In response to the allegations of paragraph 15 of the Amended Complaint, Defendant admits that a document purporting to be a copy of Defendant's Submission Guidelines is attached to the Amended Complaint as Exhibit B which document speaks for itself and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

16.     Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17.     In response to the allegations of paragraph 17 of the Amended Complaint, Defendant admits the first sentence of this paragraph.  Defendant further admits that a document purporting to be an unsigned copy of a Footage Representation Agreement is attached to the Amended Complaint as Exhibit C which document speaks for itself and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

18.     In response to the allegations of paragraph 18 of the Amended Complaint, Defendant admits that as a general rule they require submissions to be accompanied by a time code schedule and/or a footage log and, except as so admitted, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

19.     In response to the allegations of paragraph 19 of the Amended Complaint, Defendant admits that an employee of Defendant's New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film.  Defendant further admits that documents purporting to be a Federal Express receipt and a letter dated January 25, 2007 sent by Dana M. Kruse to Corbis Motion, attention: Inventory Department, are attached to the Amended

Complaint as Exhibit E which documents speak for themselves and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

20.    Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21.    In response to the allegations of paragraph 21 of the Amended Complaint, Defendant admits that an employee of Defendant's New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

22.    Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25.    Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26.    Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.    Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28.    In response to the allegations of paragraph 28 of the Amended Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 27 above and denies any liability to Plaintiff.

29.      Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30.      Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31.      Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32.      Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33.      In response to the allegations of paragraph 33 of the Amended Complaint, Defendant repeats and realleges every response set forth in paragraphs 1 through 32 above and denies any liability to Plaintiff.

34.      Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35.      Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

36.      Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37.      Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

38.      In response to the allegations of paragraph 38 of the Amended Complaint, Defendant repeats and realleges every response set forth in paragraphs 1 through 37 above and denies any liability to Plaintiff.

39.      Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42.    In response to the allegations of paragraph 42 of the Amended Complaint, Defendant repeats and realleges every response set forth in paragraphs 1 through 41 above and denies any liability to Plaintiff.

43.    In response to the allegations of paragraph 43 of the Amended Complaint, Defendant admits that an employee of Defendant' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

44.    In response to the allegations of paragraph 44 of the Amended Complaint, Defendant admits that an employee of Defendant's New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

45.    Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46.    Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47.    In response to the allegations of paragraph 47 of the Amended Complaint, Defendant admits that documents purporting to be copies of invoices are attached to the Amended Complaint as Exhibit G which documents speaks for themselves and, except as so admitted, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

48.     Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49.     Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Amended Complaint.

51.     In response to the allegations of paragraph 51 of the Amended Complaint, Defendant repeats and realleges every response set forth in paragraphs 1 through 50 above and denies any liability to Plaintiff.

52.     In response to the allegations of paragraph 52 of the Amended Complaint, Defendant admits that an employee of Defendants' New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

53.     Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57.     In response to the allegations of paragraph 57 of the Amended Complaint, Defendants repeat and reallege every response set forth in paragraphs 1 through 56 above and denies any liability to Plaintiff.

58.    Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Amended Complaint.

59.    In response to the allegations of paragraph 59 of the Amended Complaint, Defendant admits that an employee of Defendant's New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

60.    In response to the allegations of paragraph 60 of the Amended Complaint, Defendant admits Plaintiff made demands of Defendant concerning Plaintiff's film and, except as so admitted, Defendant denies the existence of any agreement between the parties to this action and denies the remaining allegations contained in this paragraph.

61.    Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Amended Complaint.

62.    Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Amended Complaint.

64.    In response to the allegations of paragraph 64 of the Amended Complaint, Defendant repeats and realleges every response set forth in paragraphs 1 through 63 above and denies any liability to Plaintiff.

65.    Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71.     In response to the allegations of paragraph 71 of the Amended Complaint, Defendant repeats and realleges every allegation set forth in paragraphs 1 through 70 above and denies any liability to Plaintiff.

72.     In response to the allegations of paragraph 72 of the Amended Complaint, Defendant admits that an employee of Defendant's New York office accepted a FedEx package on November 8, 2004 sent by Plaintiff purporting to contain film and, except as so admitted, Defendant denies the remaining allegations contained in this paragraph.

73.     Defendant denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     In response to the allegations of paragraph 74 of the Amended Complaint, Defendant admits Plaintiff made demands of Defendant concerning Plaintiff's film and, except as so admitted, Defendant denies the existence of any agreement between the parties to this action and deny the remaining allegations contained in this paragraph.

75.     Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

76.    Defendant denies the allegations contained in paragraph 76 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this dispute as to Counts I and II of the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendants have not copied, reproduced, modified, or prepared any works derivative of any protectible elements of Plaintiff's asserted work, and therefore, have not infringed any of Plaintiff's purported copyrights.

## FOURTH AFFIRMATIVE DEFENSE

There is either no substantial similarity between the accused works and Plaintiff's purported copyrighted work or any claimed similarities are not of protectible expression.

## FIFTH AFFIRMATIVE DEFENSE

Copyright Registration Number PA 1-372-588 ("the Registration") is invalid, unenforceable, and of no force or effect, as the work that is the subject of the Registration (a) did not constitute original work of Plaintiff; (b) was not authored by Plaintiff; (c) was created as a work-for-hire for another entity; (d) was created by Plaintiff as co-author; and/or (e) consists entirely of unprotectable *scènes à faire*.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver, release, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or repose.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has engaged in acts and courses of conduct which rendered it *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any, thereby precluding relief.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's injuries, if any, are due in whole or in part to the acts of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff has suffered any damages, such damages were the proximate result of Plaintiff's comparative negligence.

Dated: October 26, 2007          **DORSEY & WHITNEY LLP**
      New York, New York

By   /s/ Jeffrey L. Loop          
      Jeffrey L. Loop (JL-9260)
      Gianfranco G. Mitrione (GM-8618)
      250 Park Avenue
      New York, NY 10177-1500
      (212) 415-9200

      Attorneys for Defendants
      CORBIS CORPORATION
      and CORBIS MOTION

4847-3486-1570\1